BLANCHE, Judge.
This Court, ex proprio motu, examined the record in this matter and issued an order directed to the appellant to show cause why the appeal should not be dismissed for failure to timely perfect the same to this Court.
The time limitation for perfecting a de-volutive appeal is prescribed in Article 2087 of the Code of Civil Procedure. As applied to this case, that article requires that a devolutive appeal may be taken and security furnished therefor only within ninety days of the expiration of the delay for applying for a new trial as provided for by Article 1974, if no application for a new trial has been timely filed.
Article 1974 of the Code of Civil Procedure prescribes the time delay in which to apply for a new trial and provides for a delay of three days, exclusive of legal holidays. The article further provides that the delay commences to run on the day after the clerk has mailed the notice of judgment.
The following chronology of events is. set forth in the record. Judgment was signed and notice of the judgment was mailed to counsel for appellant on November 21, 1972. Omitting Thanksgiving Day, November 23, 1972, and Saturday and Sunday, November 25 and 26, 1972, then Monday, November 27, 1972, was the third judicial day after mailing of the notice of judgment. Accordingly, when ninety days are reckoned from November 27, 1972, the appeal had to be taken and perfected by the filing of the bond on or before Monday, February 26, 1973. The record further shows that an appeal order was signed on February 9, 1973, but the appeal bond was not filed until March 19, 1973, and thus was not timely filed.
The timely filing of the appeal bond is essential to invoke the jurisdiction of the appellate court. Code of Civil Procedure Article 2088 provides:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond * *
In similar cases this Court has ruled that when the appeal bond was not timely filed, it was without jurisdiction and, therefore, the appeal must be dismissed. See Phillips v. Bergeron, 263 So.2d 72 (La.App. 1st Cir. 1972); Mathews v. Travelers Insurance Company, 234 So.2d 468 (La.App. 1st Cir. 1970).
We have noted appellant’s argument that his appeal bond was timely filed and that either the clerk of the court below misplaced the bond for a period of time or stamped an incorrect filing date thereon. No affidavits were filed by counsel in support thereof, and as the matter stands, we have counsel’s argument that the clerk made an error against the clerk’s record which shows the appeal was not timely filed. We are of the opinion that the mere argument of counsel would not sustain the burden of showing that the clerk had made such a mistake, in view of the positive records of the clerk’s office to the contrary.
For the reasons assigned, the appeal is dismissed, at appellant’s cost.
Appeal dismissed.